Martial Ledvina, Plaintiff-Appellant,
v.
Scott Puksich and Angie Puksich, Defendants-Respondents.
No. 04-0696.
Court of Appeals of Wisconsin.
Opinion Filed: August 18, 2004.
¶1 BROWN, J.[1]
In this landlord-tenant dispute, Martial Ledvina, the landlord, brought an action for eviction against his tenants, Scott and Angie Puksich, claiming that they had failed to pay rent in November 2003. The trial court found that Ledvina kept personal property on the leased premises after the lease began and the maintaining of such personal property rendered portions of the premises nearly untenantable. The court then concluded that pursuant to WIS. STAT. § 704.07(4), which permits a tenant to withhold rent to the extent the tenant is deprived of the full normal use of the premises, the Puksiches rightfully reduced their rent and Ledvina was not entitled to evict the Puksiches. Because we conclude that the trial court applied the proper law and its findings of fact were not clearly erroneous, we affirm its judgment denying Ledvina's prayer for eviction.
¶2 The facts are brief. In July 2003, the parties entered into a one-year written lease whereby the Puksiches rented a home in Manitowoc. The lease term commenced July 1, 2003, and terminated June 30, 2004. Rent was payable on the first day of every month in the amount of $550.
¶3 It is undisputed that when the Puksiches took possession of the premises, Ledvina's personal property was still located in various places throughout the home and garage. It is also undisputed that the Puksiches took possession of the premises with the understanding that Ledvina would be packing his personal property and holding a yard sale to further dispose of the property. Neither party contests that Ledvina failed to hold a yard sale or otherwise remove his personal property from the home.
¶4 On August 4, the Puksiches' attorney sent a letter to Ledvina advising him that he had violated the Puksiches' right to exclusive possession of the house and garage and informing him of their intent to remove and store Ledvina's personal property at his expense. On August 11, Ledvina sent a letter in response informing the Puksiches that he did not consent to the removal of any of his personal property. On November 3, the Puksiches' attorney sent a letter to Ledvina enclosing a check or money order in the amount of approximately $53.75. The letter explained that the balance of the rent was used for the removal and storage of Ledvina's personal property.
¶5 Shortly thereafter, Ledvina initiated eviction proceedings. After hearing testimony from the Puksiches, Ledvina and one of Ledvina's agents, the court denied Ledvina's prayer for eviction. Ledvina appeals.
¶6 We begin with the law. Wisconsin case law has long recognized that a tenant is not liable for the payment of the full rent when the premises are uninhabitable. See Pines v. Perssion, 14 Wis. 2d 590, 596-97, 111 N.W.2d 409 (1961) ("Since there was a failure of consideration, respondents are absolved from any liability for rent under the lease and their only liability is for the reasonable rental value of the premises during the time of actual occupancy."). This principle has now evolved into codified statutory law. WISCONSIN STAT. § 704.07(4) provides:
(4) UNTENANTABILITY. If the premises become untenantable because of damage by fire, water or other casualty or because of any condition hazardous to health, or if there is a substantial violation of sub. (2) materially affecting the health or safety of the tenant, the tenant may remove from the premises unless the landlord proceeds promptly to repair or rebuild or eliminate the health hazard or the substantial violation of sub. (2) materially affecting the health or safety of the tenant; or the tenant may remove if the inconvenience to the tenant by reason of the nature and period of repair, rebuilding or elimination would impose undue hardship on the tenant. If the tenant remains in possession, rent abates to the extent the tenant is deprived of the full normal use of the premises. (Emphasis added.)
Thus, § 704.07(4) allows a tenant to abate rent "to the extent the tenant is deprived of the full normal use of the premises" due to damage caused by fire, water or other casualty. See Steffen v. Luecht, 2000 WI App 56, ¶31, 233 Wis. 2d 475, 608 N.W.2d 713.
¶7 Both parties cite to the RESTATEMENT (SECOND) OF PROPERTY in their briefs. However, we need not look to the Restatement for guidance; WIS. STAT. § 704.07(4) controls this case. The question before us is simply whether the facts establish that § 704.07(4) is applicable.
¶8 Now, we address the facts. Ledvina, without citing the standard of review, recites his rendition of the facts. Ledvina misunderstands our role. We do not review the facts presented by both parties and make our own factual findings independent of the trial court. Rather, we review the facts as found by the trial court to determine whether they are clearly erroneous. WIS. STAT. § 805.17(2).
¶9 The record supports the trial court's findings of fact. The trial court found that the Puksiches took possession of the property with the understanding that Ledvina would be holding a yard sale and taking away his personal property to clear the space for them. The trial court found that instead of holding the yard sale or otherwise disposing of the property, Ledvina left his personal property littered throughout every closet, in the basement and in the garage. These findings were supported not only by the Puksiches' testimony, but also Ledvina's testimony. Ledvina himself testified that he had stored personal property throughout the home and garage, had told the Puksiches that he would hold a yard sale to dispose of it, and that he did not hold the yard sale.
¶10 Applying these facts to the law, the trial court correctly concluded that WIS. STAT. § 704.07(4) entitled the Puksiches to abate their rent to reflect the cost of the removal and storage of Ledvina's personal property. Ledvina's maintenance of personal property in "every closet, every nick and nook and cranny" falls within the meaning of "other casualty" in § 704.07(4). Because of the presence of Ledvina's personal property, portions of the home and garage were rendered unuseable. To the extent that the Puksiches were denied the use of their home, § 704.07(4) allows them to reduce their rent. The trial court concluded that the cost of the removal and storage of Ledvina's personal property was reasonable. We see no reason to disturb the trial court's reasonableness determination. Accordingly, we affirm.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.